UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Alta Gracia Moreta and Jose Moreta</u>

    v.                                      Civil No. 17-cv-200-PB

<u>Godoy Hermos</u>


## REPORT AND RECOMMENDATION

The plaintiffs, Alta Gracia Moreta and Jose Moreta, filed this action against the defendant, Godoy Hermos, on May 23, 2017. Doc. no. 1. The defendant filed an answer on June 12, 2017 (doc. no. 2), and on that same day the Clerk's Office scheduled a preliminary pretrial conference for July 21, 2017. The pretrial conference was continued until August 4, 2017, and, on that date, the plaintiffs failed to appear. The court accordingly issued an endorsed order scheduling a show cause hearing as to why this action should not be dismissed without prejudice for failure to prosecute. <u>See</u> Aug. 4, 2017 Endorsed Order. The show cause hearing was held on September 5, 2017, and the plaintiffs again failed to appear.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b) . . . ." <u>Torres-Álamo v. Puerto Rico</u>, 502 F.3d 20, 25 (1st Cir. 2007).

These reasons include, among others, the failure to diligently prosecute a case. Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (citation omitted). The court, mindful of "the strong presumption in favor of deciding cases on the merits," Garcia-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010), considers the totality of the circumstances in determining whether dismissal is appropriate, see Diaz-Santos v. Dep't of Educ., 108 F. App'x 638, 640 (1st Cir. 2004). In particular, the court considers whether: (1) plaintiffs prosecuted their claims diligently prior to their apparent abandonment of the lawsuit; (2) the court fairly warned plaintiff of its inclination to dismiss absent diligent prosecution; and (3) the ramifications of the plaintiffs' failure to prosecute "constituted misconduct sufficiently extreme to justify dismissal with prejudice." Id. (internal quotation marks and citations omitted).

Here, the totality of circumstances weighs in favor of dismissal. Since filing their complaint, the plaintiffs have not participated in this action. They accordingly cannot be fairly said to have diligently prosecuted their claims after that date. Additionally, the court warned the plaintiffs in its order scheduling the show cause hearing that their claims might be dismissed for failure to prosecute. As the plaintiffs did not appear at that hearing, and have provided no reason for

their failure to do so, dismissal is now appropriate.

The plaintiffs' conduct does not, however, justify dismissal with prejudice. This case is in its early stages, there is no indication that the plaintiffs' actions were designed to gain some strategic advantage, and the defendant has not yet expended significant time or resources on this ligation. Dismissal should therefore be without prejudice.

Based on the foregoing, the court recommends that the district judge dismiss this action without prejudice for failure to prosecute. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 5, 2017

cc: Alta Gracia Moreta, pro se
    Jose Moreta, pro se
    Godoy Hermos, pro se

3